**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-51113
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR JUAN ALVARADO-MUNIZ, also known as Hector J. Alvarado,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1457-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Juan Alvarado-Muniz (Alvarado) appeals the 18-month sentence he received for illegal reentry under 8 U.S.C. § 1326. He first asserts that his within-Guidelines sentence should be vacated because the applicable Guidelines range did not account for his history, characteristics, motive, or the seriousness of the offense under 18 U.S.C. § 3553(a). The district court considered that Alvarado was raised in the United States and that he returned to see his family. The court explicitly rejected the notion, however, that his desire to see his family

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

justified his violation of the immigration laws.  Alvarado has failed to rebut the presumption that his Guidelines sentence was reasonable.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

Alvarado next contends that the Guidelines range was too harsh in light of *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007), because U.S.S.G. § 2L1.2 is not based upon empirical data and national experience.  *Kimbrough* "allow[s] district courts, in their discretion, to consider . . . the presence or absence of empirical data, as part of their § 3553(a) analysis." *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099).  *Kimbrough* does not affect the appellate presumption of reasonableness that applies to within-Guidelines sentences. *Id.* at 366–67.

Alvarado next contends that § 2L1.2 "double counts" a defendant's prior conviction by using it as the basis for his offense level and his criminal history. This argument is unavailing.  Double counting is permissible under the Guidelines, so long as it is not prohibited explicitly by the applicable Guideline. *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).  Section 2L1.2 does not expressly prohibit double counting.  *See* § 2L1.2, cmt. (n.6).

Accordingly, the judgment of the district court is AFFIRMED.